Aurelia Erickson, OSB #126170
Kelsey Peddie, OSB #184245
E-mail: aerickson@chenowethlaw.com
Email: kpeddie@chenowethlaw.com
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fifth Floor
Portland, OR  97204
Telephone:  (503) 221-7958
Facsimile:  (503) 221-2182

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| MARTA GARR,<br><br>                    Plaintiff,<br><br>     v.<br><br>EPIQ CLASS ACTION & CLAIMS SOLUTIONS, INC., a foreign business corporation,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Marta Garr ("Plaintiff" or "Garr"), by and through their counsel, for its Complaint against

Epiq Class Action & Claims Solutions, Inc. ("Epiq"), hereby alleges as follows:

**NATURE OF ACTION**

1. This is an action for breach of contract, breach of the duty of good faith and fair

dealing, and promissory estoppel arising out of state common law.  Plaintiff also asserts claims

Page 1 -    COMPLAINT

for unpaid wages and penalty wages.

2.      Defendant Epiq unilaterally terminated the parties' agreement to allow Plaintiff Marta Garr to relocate to Poland and continue her employment with Epiq on the same terms of employment. Garr relied on Epiq's promise to honor this agreement and incurred significant expense in relocating to Poland, where Epiq attempted to force Garr to perform the same services for Epiq at reduced rate of payment and when Garr requested time to consider this new rate and terms of employment, terminated Garr.

3.      Following her termination, Epiq failed to pay Garr all wages owed.

## THE PARTIES, JURISDICTION AND VENUE

4.      Marta Garr currently resides in Poland.  Garr was an Epiq employee from November 2014 to October 2021. Until moving to Poland, Garr worked for Epiq in the state of Oregon.

5.      Defendant Epiq is a Rhode Island corporation with its principal place of business in Beaverton, Oregon.

6.      Jurisdiction is based on diversity under 28 USC § 1332. Plaintiff is a citizen of Poland, defendant is a citizen of Rhode Island and Oregon. Thus, there is complete diversity and the amount in controversy exceeds $75,000.

7.      This court has personal jurisdiction over the parties because of the employment relationship established in the State of Oregon and within the district and because the parties conduct business in the state of Oregon and within the district regarding the subject matter of this case.

8.      Venue in Oregon is appropriate under 28 USC § 1391(2) because a substantial part of the events giving rise to the claims occurred in this district and judicial division.

## FACTS

9. Garr was employed as a Business Analyst for Product Development at Epiq.

10. Until relocating to Poland, Garr worked in Epiq's Beaverton, Oregon office.

11. During the COVID pandemic Garr worked remotely, like most Epiq employees. Prior to the pandemic, on information and belief, Epiq had no policy for remote work.

12. In late 2020, after successfully working remotely for months, Garr and her husband started to consider relocating to Garr's home country of Poland. Garr's husband, Shad, was also an employee of Epiq. They only wished to relocate their family if they could continue working remotely for Epiq.

13. Between November 2020 and April 2021, Garr had multiple discussions with her manager via Microsoft Teams about the potential move to Poland. Marta and Shad Garr each received approval from a separate chain of command for the move to Poland.

14. During the same period, the Garrs researched the requirements for moving to Poland and working in Poland so that the transition would be as smooth as possible.

15. After receiving approval from each of their managers, the Garrs picked a date for the move to Poland.

16. On or about May 3, 2021, Marta requested time off in order to move to Poland in an email with the subject line [RE: PTO request – move to Europe]. Marta's manager responded, approving the time off, the same day.

17. On or about May 7, 2021, Marta made a second request for time off to complete her stateside obligations. This request was also approved by Marta's manager.

18. On or about May 10, 2021, Shad requested time off to complete his stateside obligations. Shad's manager responded requesting a calendar invite via Outlook for easier

tracking of the leave time. Shad sent the requested invite on or about May 11, 2021. Shad's manager accepted invites for two separate leave requests – one for finalizing obligations stateside and one for moving to Poland.

19. The obligations Garr finalized in the United States included:

(a) Selling their car;

(b) Arranging movers and shipment of their possessions;

(c) Securing long-term storage for belongings that could not be moved to Poland;

(d) Finalizing travel plans; and

(e) Researching requirements for the move, including visa and labor requirements and schooling requirements for relocating their sons.

20. The Garrs completed their move to Poland in June 2021.

21. The Garrs worked for Epiq without issue from Poland for over 2 months.

22. In August 2021, Epiq human resource representatives unexpectedly contacted the Garrs demanding details about their move to Poland. After some initial discussions, human resources demanded the Garrs return to the United States by October 1, 2021 or face termination.

23. On or about September 21, 2021, Epiq informed Marta Garr that in order to continue working for Epiq, she would need to accept a 75% reduction in her salary and enter into a new employment agreement with Epiq. Epiq stated that Garr's "US contract of employment will cease on 30 September 2021."

24. Garr logged onto work as normal on October 1, 2021. Sometime during the day, Epiq terminated Ms. Garr's access to her email and other Epiq network programs. Epiq terminated Garr without notifying her that day.

## FIRST CAUSE OF ACTION

(Breach of Contract)

25. Garr incorporates and realleges paragraphs 1 - 24 herein.

26. Garr and Epiq are parties to an oral agreement allowing Garr to relocate to Poland and continue her employment with Epiq on the same terms as when she was employed in Oregon. This agreement is a binding and enforceable contract.

27. Garr fulfilled her obligations under the contract, continuing to provide excellent services to Epiq as she had while living in Oregon.

28. Epiq unilaterally announced that Garr must either return to the United States, accept a substantial paycut, as outlined above, or be terminated as employees, thereby breaching the parties' contract.

29. As a result of Epiq's breach, Garr has and will continue to be damaged in that she has incurred substantial costs in relocating to Poland and lost wages and other employment benefits.

30. Garr is entitled to damages in an amount to be proven at trial, not less than $100,000, plus interest as permitted by law.

## SECOND CAUSE OF ACTION

(Breach of the Duty of Good Faith)

31. Garr incorporates and realleges paragraphs 1 - 30 herein.

32. All contracts include an implied covenant of good faith and fair dealing.

33. Epiq has acted without good faith in breaching the parties' contract, failing to negotiate the terms of Garr's continued employment and terminating Garr's employment without cause.

34. As a result of Epiq's breach, Garr has been damaged.

35. Garr is entitled to damages in an amount to be proven at trial, not less than $100,000, plus interest as permitted by law.

### THIRD CAUSE OF ACTION

(Promissory Estoppel)

36. Garr incorporates and realleges paragraphs 1 – 35 herein.

37. Epiq promised Garr that she could relocate to Poland and continue her employment with Epiq on the same terms as when she was employed in Oregon.

38. Epiq reasonably expected that the promise of such continued employment on the same terms would induce action on the part of Garr in the form of relocating to Poland, incurring relocation costs and continuing her employment with Epiq at the exclusion of other opportunities for employment.

39. Epiq's promise did in fact induce action on the part of Garr.

40. Garr justifiably relied on the representation by Epiq that her employment would continue on the same terms in Poland.

41. Injustice can only be avoided by payment for Garr's damages incurred in relying on Epiq's promise, in an amount to be proven at trial, not less than $100,000.

### FOURTH CAUSE OF ACTION

(Failure to Pay Wages)

42. Garr incorporates and realleges paragraphs 1 - 41 herein.

43. Garr was an employee of Epiq until her termination on October 1, 2021.

44. Garr was a salaried employee entitled to compensation for every day or week she works, regardless of how many hours she works in that day or week. OAR 839-020-004(30).

Page 6 -   COMPLAINT

45. Because Epiq unilaterally terminated Garr, her final paycheck was due and payable no later than the end of the day Monday, October 4, 2021 pursuant to ORS 652.140.

46. Garr's final paycheck did not include all wages owed. Garr is still owed $292.32 for her final day of work.

47. On or about December 20, 2021, Garr's counsel provided written notice to Epiq of its failure to comply with its statutory duty to pay Garr all wages due and owing at termination.

48. Epiq has not responded nor cured its failure to pay the wages owed. Garr is entitled to penalty wages pursuant to ORS 652.150.

49. Garr is entitled to her costs, disbursements and reasonable attorney fees pursuant to ORS 652.200 in prevailing on her claim for unpaid wages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as follows:

1. For judgment against Defendant for monetary damages in an amount to be proven at trial, plus interest as permitted by law;

2. For the costs incurred in bringing this action;

3. For Garr's reasonable attorney fees for her claim for unpaid wages; and

4. For such other relief the court deems just and equitable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 7 -   COMPLAINT

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

Dated this 31st day of January, 2022.

                                      CHENOWETH LAW GROUP, PC

                                      *s/ Aurelia Erickson*
                                      Aurelia Erickson, OSB No. 126170
                                      Kelsey Peddie, OSB No. 184245
                                      Chenoweth Law Group, PC
                                      510 SW Fifth Avenue, Fourth Floor
                                      Portland, OR  97204
                                      Telephone:  (503) 221-7958
                                      Facsimile:  (503) 221-2182
                                      E-mail: aerickson@chenowethlaw.com
                                      *Attorneys for Plaintiff*